**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**STATESBORO DIVISION**

JOSHSTAVIE WATERS,          )
                            )
      Petitioner,          )
                            )
v.                          )          CV622-062
                            )
STATE OF GEORGIA,           )
                            )
      Respondent.          )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioner Joshstavie Waters filed a petition pursuant to 28
U.S.C. § 2254 on August 13, 2022.[1]  *See* doc. 1 at 15.  He moved to proceed
*in forma pauperis.*  Doc. 2.  The Court previously granted that motion.
*See* doc. 4 at 1.  The Court also recommended that all grounds in Waters'
Petition be dismissed because he explicitly alleged that he had not
exhausted any of the grounds asserted.  *See id.* at 2-3.  Waters did not

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on
the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557
F.3d 1287, 1290 n. 2 (11th Cir. 2009).  "Absent evidence to the contrary in the form of
prison logs or other records, [courts] will assume that [a prisoner's filing] was
delivered to prison authorities the day he signed it . . . ." *Washington v. United States*,
243 F.3d 1299, 1301 (11th Cir. 2001).  Waters' petition declares, under penalty of
perjury that he executed his petition on "8-13-2022." Doc. 1 at 15.

object to that recommendation. *See generally* docket. He has, however, filed an ambiguous motion, discussed more fully below, which the Court did not expressly consider in its prior Report and Recommendation. *See* doc. 3; *see also* doc. 4. Since that Motion might be construed as asserting additional grounds for relief—and given the Court of Appeals' admonition in *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992)—the prior Report and Recommendation is **VACATED**, doc. 4, in part, and replaced to explicitly address those grounds.

Waters' Petition asserts four grounds for relief. First, he alleges that the prosecution withheld favorable or exculpatory evidence. Doc. 1 at 5. Second, he alleges ineffective assistance of his trial counsel. *Id.* at 7. Third, he alleges that the trial court failed to conduct a proper hearing, as required by *Jackson v. Denno*, 378 U.S. 368 (1964), to evaluate an allegedly involuntary statement. *Id.* at 8. Fourth, and finally, he alleges that the jury was "contaminat[ed] . . . by extraneous influence." *Id.* at 10. As to each ground he expressly alleges that he did not present the ground on direct appeal and that each is currently pending in a state habeas proceeding in Telfair County. *See id.* at 6-11; *see also id.* at 11 (stating "No I haven't exhaust my state remedies!").

Waters also filed a document titled "Motion for Production Order for Certificate of Immediate Review Rule 30(c) and Rule 60(B)" contemporaneously with his Petition. *See* doc. 3 at 1. It is not clear from that Motion what the "rules" in question are. *See generally id.* The substance of the Motion is not much clearer. First, he appears to expand on his allegation that favorable, exculpatory evidence was withheld at his trial. *See id.* at 1. He also appears to expand on his allegation that the jury was improperly influenced. *Id.* at 2. He reasserts the Petition's Ground Two, alleging that his trial counsel was ineffective. *Id.* at 2-3. He then, perhaps, asserts an additional ineffective-assistance claim based on his counsel's "failure to assist in filing motion for new trial." *Id.* at 4. He also reasserts and expands upon the Petition's third ground, concerning the defective Jackson-Denno hearing. *Id.* at 4-6. His Motion, however, asserts a novel "Ground Four," alleging "police misconduct use of force on me trying to leave a non-custodial interrogation." *Id.* at 7. Then he reasserts, as "Ground Five," what his Petition asserted as "Ground Four," the "contamination [of the] jury by extraneous influence." *Id.* at 8. Finally, his Motion asserts a novel "Ground Six," seeking

"[d]ismissal of a void judgment and sentence," based on allegations of defects in the indictment. *Id.* at 9.

The Court's prior Report and Recommendation did not expressly discuss the "Motion," as the Court originally construed it as merely expanding on the allegations in the Petition. *See* doc. 4. Closer inspection, as discussed above, indicates that it is plausibly construed as Waters' attempt to assert additional grounds for relief. *See, e.g., Clisby*, 960 F.2d at 936 ("[A]n allegation of one constitutional violation and an allegation of another constitutional violation constitute two distinct claims for relief, even if both allegations arise from the same alleged set of operative facts."). The Eleventh Circuit has instructed district courts that they must "resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988). . . ." *Id.* at 936. Given that instruction, the Court now makes explicit that all grounds asserted by Waters, both in his Petition and Motion, should be **DISMISSED** as unexhausted.[2]  *See* Rule 4, Rules Governing Section 2254 Cases ("If it

---

[2] Waters' Petition names the State of Georgia as the Respondent. *See* doc. 1 at 1. The proper respondent in a § 2254 petition is "the state officer who has custody," of the petitioner. Rule 2(a), Rules Governing § 2254 Cases. The Court might grant him an opportunity to amend to name his custodian as respondent. *See Retic v. United States*, 215 F. App'x 962, 965 (11th Cir. 2007) (citing *West v. Louisiana*, 478 F.2d 1026,

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Waters' Petition is explicit that he has failed to exhaust any ground asserted. *See* doc. 1 at 11-12. Moreover, it asserts that "all the grounds here" have been raised in a pending proceeding in "Telfair Superior Court." *Id.* at 12. Waters' Motion does not assert that any of the grounds raised, to the extent that they are distinct from the grounds raised in the Petition, have been presented to any state court. *See generally* doc. 3. Before seeking § 2254 relief petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow

---

1029 (5th Cir. 1973)). Since, as discussed below, it is clear that the grounds asserted in Waters' Petition are unexhausted, the issue of naming the proper respondent is moot.

exhaustion."). Waters must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added).[3] Waters' failure to exhaust state remedies, therefore, warrants dismissal of his petition.[4]

Waters does raise an issue that might bear on his failure to exhaust. He alleges, in a somewhat ambiguous fashion, that "the entire record show [sic] a pattern of delay by everyone but the defendant in ensuring that his appellate rights were protected." Doc. 1 at 14. Exhaustion may be excused where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the right of the applicant." 28 U.S.C. § 2254(b). However, Waters alleges that he has taken advantage of an available state process, *i.e.* the habeas proceeding he alleges he filed in Telfair County Superior Court on July 6, 2022, *see* doc. 1 at 3, and there is no discernible delay in that

---

[3] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[4] The exhaustion requirement to file a § 2254 petition should be familiar to Waters, as this Court has recently dismissed a previous petition based on his failure to exhaust. *See generally Waters v. Emmons*, 2021 WL 1216109 (S.D. Ga. Mar. 5, 2021), *adopted* 2021 WL 1206610 (S.D. Ga. Mar. 30, 2021). The Court notes that Waters failed to disclose that prior § 2254 petition here. *See* doc. 1 at 3-4.

proceeding. When he signature-filed this Petition, his state habeas case was pending for slightly more than one month. That delay is far from sufficient to render the state process ineffective. *See, e.g., Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986) (exhaustion requirement not excused despite eight-year delay in adjudication of state habeas petition). Moreover, language in Waters' Petition suggests that a state court may be considering a motion for a new trial. *See* doc. 1 at 14 (stating, without any explanation, "Therefore the court finds that the Defendant is entitled to an extraordinary motion for new trial; thus the court will consider the arguments raised during the hearing as to whether or not there are any grounds such that a new trial is warranted."). Even charitably construed, therefore, the Petition clearly indicates that there are state processes available to Waters, which preclude excusing his failure to exhaust the asserted grounds. *See, e.g., Hughes*, 780 F.2d at 1581 (noting that excusing exhaustion is appropriate "in rare instances," and "would be inappropriate . . . where the petitioner has a viable state procedure available at the same time he files his federal petition."); *Madison v. Laughlin*, 20221 WL 4395636, at *1 (S.D. Ga. May 6, 2021) (finding petitioner failed to exhaust state remedies when state

habeas proceeding was pending when federal petition was filed), *adopted* 2021 WL 3856456 (S.D. Ga. Aug. 30, 2021).

Since Waters' claims are unexhausted, his § 2254 Petition should be **DISMISSED without prejudice**.[5]  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

---

[5] Given that the grounds asserted in Waters' Petition are unexhausted, dismissal without prejudice is appropriate.  *See, e.g., Reedman*, 305 F. App'x at 546 (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 9th day of November, 2022.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia